## GITERSONKE *v.* HEMSTREET.

MORTGAGES—FORECLOSURE BY ADVERTISEMENT—POSTING COPY ON MORTGAGED PREMISES.

> Under Act No. 160, Pub. Acts 1927, providing for foreclosure of mortgage by advertisement, posting a copy of advertisement upon mortgaged premises is not required where publication thereof is in newspaper published in same county in which mortgaged premises are located.

Appeal from Berrien; White (Charles E.), J. Submitted October 11, 1929. (Docket No. 64, Calendar No. 34,577.) Decided December 3, 1929.

Bill by Joseph Gitersonke and another against Rose Hemstreet to set aside a mortgage foreclosure. From a decree dismissing bill, plaintiffs appeal. Affirmed.

*Kenneth D. Wilkins,* for plaintiffs.

*E. A. Westin,* for defendant.

WIEST, J. The bill herein was filed to set aside a foreclosure, by advertisement, of a real estate mortgage, on the ground that, under Act No. 160, Pub. Acts 1927, a copy of the advertisement should have been posted upon the mortgaged premises and such was not done.

The act of 1927 provided:

"Notice that said mortgage will be foreclosed by a sale of the mortgaged premises, or some part of them, shall be given by publishing the same for twelve successive weeks at least once in each week, in a newspaper published in the county where the premises included in the mortgage and intended to be sold, or some part of them, are situated, if there be one; and if no newspaper be published in such county, then such notice shall be published in a newspaper published in the county nearest to said lands and within thirty days after the first publication of such notice, a true copy shall be posted in a conspicuous place upon any part of the premises described in such notice."

The notice of foreclosure was published in a newspaper in the county of the mortgaged premises. The circuit judge dismissed the bill and plaintiff appealed.

The act of 1927 required no posting of an advertisement upon the mortgaged premises in case of publication of the advertisement in a newspaper in the same county. We discover no ambiguity in the act and need spend no time discussing its plain language. Act No. 252, Pub. Acts 1929, now requires posting of a copy of the publication "in every case."

The decree in the circuit is affirmed, with costs to defendant.

FEAD, BUTZEL, CLARK, McDONALD, POTTER, and SHARPE, JJ., concurred. NORTH, C. J., did not sit.